IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DICASTAL NORTH AMERICA, INC**.**,
a Michigan corporation,

      Plaintiff,                                          Case No.
                                                              Hon.

vs.

MARKOWITZ METALS GROUP, LLC,
a New York limited liability company,

      Defendant.

## COMPLAINT

Plaintiff Dicastal North America, Inc. ("DNA"), through its counsel, Warner Norcross + Judd LLP, for its Complaint against Defendant Markowitz Metals Group, LLC ("MMG"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. DNA is a Michigan corporation with its principal place of business in Michigan.

2. MMG is a limited liability company based in Suffolk County, New York.  Upon information and belief, none of MMG's members are citizens of Michigan.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between DNA and MMG, and because the amount in controversy exceeds $75,000, exclusive of costs, interest and attorney fees.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because MMG regularly conducts business in Michigan and because the events or omissions giving rise to DNA's claims occurred in this district.

## GENERAL ALLEGATIONS

5. DNA incorporates by reference the allegations of the preceding paragraphs.

6. DNA manufactures world-class, lightweight aluminum alloy wheels for the automotive industry.

7. As part of its manufacturing process, DNA produces an aluminum byproduct called dross, which is made up of impurities in the melted aluminum. The dross is often sold to recyclers who recover aluminum from the dross and resell it for a profit.

8. In addition, DNA often sells to recyclers its aluminum wheels, sprues, painted chips, and unpainted chips that are also byproducts of the aluminum manufacturing process.

9. Upon information and belief, MMG is a global recycler, and purchases and resells primary, secondary, and scrap metals, including aluminum.

10. In October 2018, MMG sent DNA a proposal for purchasing DNA's manufacturing aluminum byproducts for use in its waste materials and recycling business.

11. Specifically, MMG proposed to purchase DNA's aluminum dross, aluminum sprues, aluminum wheels, painted chips, and unpainted chips.

12. DNA did not sign the written proposal, and the parties never executed a written agreement.

13. Nonetheless, on or around December 2018, MMG began picking up certain products from DNA, including dross, sprues, painted chips, and scrap molds (the "Scrap Aluminum"), for use in MMG's recycling business.

14. Between December 2018 and August 2019, MMG obtained at least 4,028,280 pounds of Scrap Aluminum from DNA.

15. MMG paid DNA for some of the Scrap Aluminum, but failed to pay for 1,763,340 pounds of dross, 209,019 pounds of scrap molds, 21,920 pounds of painted chips, and 77,640 pounds of sprues.

16. Despite repeated requests for payment from DNA, MMG has failed and refused to pay DNA for at least 2,071,919 pounds of the Scrap Aluminum.

17. As of the date of this complaint, MMG has taken, but not paid for, over $1,466,849.32 of Scrap Aluminum from DNA.

## COUNT I
## STATUTORY CONVERSION

18. DNA incorporates by reference the allegations of the preceding paragraphs.

19. DNA owned the Scrap Aluminum.

20. MMG took the Scrap Aluminum from DNA for use in its recycling business.

21. Despite repeated requests for payment from DNA, MMG has failed and refused to pay DNA for at least 2,071,919 pounds of the Scrap Aluminum.

22. MMG has therefore converted DNA's Scrap Aluminum to its own use.

23. The acts described above constitute an unlawful conversion of DNA's property pursuant to MCL § 600.2919a, resulting in damages to DNA in an amount exceeding $1,466,849.32.

24. Because DNA was damaged by MMG's conversion of its property, DNA is entitled to recover against MMG treble damages, costs, and reasonable attorneys' fees pursuant to MCL § 600.2919a.

## COUNT II
## UNJUST ENRICHMENT

25. DNA incorporates by reference the allegations of the preceding paragraphs.

26. MMG received a benefit from DNA in the form of Scrap Aluminum.

27. MMG accepted the Scrap Aluminum and has retained the benefit of the Scrap Aluminum.

28. Despite repeated requests for payment from DNA, MMG has failed and refused to pay DNA for at least 2,071,919 pounds of the Scrap Aluminum.

29. As a direct result of MMG's failure to pay DNA for the Scrap Aluminum, DNA incurred damages in excess of $1,466,849.32.

30. MMG has received a significant value for the Scrap Aluminum, and it would be inequitable for MMG to retain the benefit of the Scrap Aluminum without reimbursing DNA for the Scrap Aluminum.

31. MMG has been unjustly enriched at DNA's expense and must make restitution to DNA in an amount exceeding $1,466,849.32, plus interests, costs and all other damages incurred by DNA.

## PRAYER FOR RELIEF

WHEREFORE, DNA respectfully requests that this Court:

A. Enter a money judgment in its favor and against MMG in an amount in excess of $1,466,849.32 to be proven at trial, together with interest, costs, and attorneys' fees;

B. Award treble damages, costs, attorneys' fees, and all other relief provided under MCL § 600.2919a for all property converted from DNA; and

4

      C.      Award all other relief as the Court may deem just, equitable or appropriate under the circumstances.

Dated: February 26, 2020           Respectfully submitted,

By: */s/ Ashley G. Chrysler*
Homayune A. Ghaussi (P63028)
Ashley G. Chrysler (P80263)
WARNER, NORCROSS + JUDD LLP
2000 Town Center, Suite 2700
Southfield, Michigan 48075-1318
(248) 784-5139
Attorneys for Plaintiffs

19497508-5

5