UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DNA NORTH AMERICA, INC.,
a Michigan corporation,

    Plaintiff/Counter-Defendant

v.

MARKOWITZ METALS GROUP, LLC
a New York limited liability company,

    Defendant/Counter-Plaintiff.

Case No. 1:20-cv-00166
Hon. Jane M. Beckering
Mag. Ray Kent

**REPLY OF MARKOWITZ METALS GROUP, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY ON CONVERSION**

The only "absurd" aspects of the supplements are as follows. First, DNA's fundamental misapprehension of contract law. All sales of goods are governed by Article 2 of the UCC. MCL 440.2102; *Fisher Sand & Gravel Co. v. Neal A Newbie, Inc.,* 494 Mich. 543, 550 n. 6; 837 NW2d 244 (2013).

Trying desperately to avoid the clarity of the record as it does, DNA never sought return of metal. It sought payment because that is what the parties discussed. Not only does a scrap producer like DNA not want scrap back, here DNA made "repeated requests for *payment* from" MMG, but MMG allegedly "refused to pay DNA for at least 2,071,919 pounds of the Scrap Aluminum." (ECF No. 1, PageID.3, ¶ 21). DNA did not want the scrap returned, it wanted to be paid. DNA itself testified to this effect *See* ECF No. 67-17, PageID.1407 citing Lewis 30(b)(6) Dep. at 41:23-43:1 ("Q: Did DNA ever demand return of the scrap delivered to Markowitz for which DNA claims it was not paid? A: We demanded payment."); ("Q: You wanted to be paid under the packing slips, correct? A: We wanted to be paid based on the monthly pricing sheets

that – you know, the amount of material we sent, yes.")  ("Q: So the reason you didn't demand the scrap back is because you couldn't use it at the time? A: Correct.").

That is a contract claim. It is not conversion. That is a basic tenant of law. DNA refuses to acknowledge this controlling law because it shows DNA's tort claim and quasi-contract claim fail as a matter of law and that it therefore has no claim in this case.

Next, if DNA understood that specific monies must be the nature of a conversion claim, why does it have a conversion count here? There is no dispute that no money was ever identifiable or specific. More than seventy-five years after *Garras v. Bekiares*, 315 Mich. 141, 147; 23 N.W.2d 239 (1946), the Michigan Supreme Court took and wrote *Alisa A. Peskin-Shepherd, PLLC v. Blume*, 974 N.W.2d 835, 836–37 (Mich. 2022). That is because it felt compelled to reverse the Court of Appeals for not dismissing the same claim DNA makes here. The Court of Appeals opinion spans five pages on conversion, and in a couple of paragraphs the Supreme Court vacated and reversed, because there as DNA here the party asserting conversion fundamentally misunderstands the interplay with contract law. Not only does *Alisa A. Peskin-Shepherd, PLLC* have meaning, it has obvious relevance here.

If MMG took and came into possession of DNA's personal property (like metal) *without consent,* then there could be a conversion claim. But that is not what happened. That scenario is nowhere in the record (because it is not what happened); in fact, just the opposite. That is why DNA has no viable conversion claim and why the Michigan Supreme Court very recently felt the compulsion to make as much clear to litigants who make DNA's claim.

Finally, if DNA is going to assert the FBI raid had nothing to do with the same claims that exist in this case, then it could simply state the basis for the raid under a protective order

2

document. But DNA has not done so. And therefore, MMG has no choice but to file its motion to compel.

                              Respectfully submitted,

                              /s/ *Patrick C. Lannen*
                              Erik H. Johnson (P85017)
                              Patrick C. Lannen (P73031)
                              PLUNKETT COONEY
                              Attorneys for Defendant/Counter-Plaintiff Markowitz Metals Group, LLC
                              38505 Woodward Ave., Suite 100
                              Bloomfield Hills, MI  48304
                              (248) 901-4000
                              ejohnson@plunkettcooney.com
Dated: August 16, 2022               plannen@plunkettcooney.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DNA NORTH AMERICA, INC.,
a Michigan corporation,

      Plaintiff,

v.

MARKOWITZ METALS GROUP, LLC
a New York limited liability company,

      Defendant.

Case No. 1:20-cv-00166
Hon. Paul L. Maloney
Mag. Ray Kent

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this reply to supplement was drafted in Microsoft Office 365. The total word count of the brief in support of motion is 555.

Respectfully submitted,

/s/ *Patrick Lannen*
Patrick C. Lannen (P73031)
Erik H. Johnson (P85017)
PLUNKETT COONEY
Attorneys for Defendant/Counter-Plaintiff
Markowitz Metals Group, LLC
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
(248) 901-4000
ejohnson@plunkettcooney.com
plannen@plunkettcooney.com

Dated: August 17, 2022

4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DNA NORTH AMERICA, INC.,
a Michigan corporation,

       Plaintiff,

v.

MARKOWITZ METALS GROUP, LLC
a New York limited liability company,

       Defendant.

Case No. 1:20-cv-00166
Hon. Paul L. Maloney
Mag. Ray Kent

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 17, 2022, a copy of:

- *MMG's Reply to Supplement on Conversion,*
- *Certificate of compliance, and*
- *Certificate of Service*

were served upon all parties who are registered ECF filers in this matter via the Court's Electronic filing system.

       Respectfully submitted,

       /s/ *Patrick Lannen*
       Patrick C. Lannen (P73031)
       Erik H. Johnson (P85017)
       PLUNKETT COONEY
       Attorneys for Defendant/Counter-Plaintiff Markowitz Metals Group, LLC
       38505 Woodward Ave., Suite 100
       Bloomfield Hills, MI 48304
       (248) 901-4000
       ejohnson@plunkettcooney.com
       plannen@plunkettcooney.com

Dated: August 17, 2022